(No. 89-CC-3041—)

HYDE PARK MEDICAL LABORATORY, INC., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 7, 1990.*
*Order filed June 12, 1991.*
*Order filed September 6, 1991.*

R. STEVEN POLACHEK and LAWRENCE JAY WEINER, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT SKLAM-BERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

Pending before the Court is the Claimant's motion for summary judgment and the Respondent's motion to dismiss.

Respondent has moved to dismiss on the grounds of *res judicata*. A brief discussion of the origination of this action is necessary to understand the issues.

In 1972, Claimant filed an action in this Court seeking payment for services rendered to the Department of Public Aid. Other actions were filed in Federal court, and the matter in this Court was continued generally. After disposal of the other actions, the matter was concluded in this Court on August 22, 1988, with an award to Claimant of $340,681. Claimant filed a motion for rehearing, reconsideration, and modification seeking "pre-award interest and attorneys' fees." On November 7, 1988, that motion was denied.

On March 28, 1989, Claimant filed the instant action. Claimant has filed a motion for summary judgment, and Respondent has filed a motion to dismiss. We heard oral arguments, and allowed the parties to file supplemental briefs.

Because of the length of time of contention between the parties, and the nature of the issues before us, we decline to rule on the Respondent's contention that this action is barred by *res judicata.* Instead, we construe the motions, memoranda and exhibits of the parties as cross-motions for summary judgment and proceed to rule thereon.

Ill. Rev. Stat. 1987, ch. 127, par. 132.403—1, relied upon by Claimant, provides:

"In any instance where a State official or agency is late in payment of a vendor's bill or invoice *properly approved* in accordance with this Act ° ° ° the State official or agency shall pay the interest penalty ° ° °." (Emphasis supplied).

While Claimant asserts that "the evidence has and will show that all invoices were approved for payment," any such "approval" of invoices for services rendered in 1969-1971 has been rescinded *prior* to the filing of the original claim in 1972. We note that the enactment of the Prompt Payment Act was in 1975, effective July 1, 1976. Nothing in the legislative debates, supplied by Claimant, indicates an intent to provide interest on invoices that were not "approved" at the time of the passage of the legislation. Accordingly, even if the Claimant's invoices were subject to the legislation, it would not be entitled to interest since they were not approved.

Claimant has cited *In re Special Education of Walker* (1989), 131 Ill.2d 300, 546 N.E.2d 520, for the proposition that the Prompt Payment Act

"constituted an example of an act which sufficiently manifested the Legislature's intent to waive sovereign immunity and required payment of interest on bills unpaid by the State."

We do not find sovereign immunity to be an issue in this case. Rather, we find the issue to be whether Claimant's 1969-1971 invoices qualify for interest under the facts of

this case. For the reasons set forth, we decide the issue against Claimant and for Respondent.

It is therefore ordered, adjudged and decreed that this claim is dismissed, and forever barred.

## ORDER

RAUCCI, J.

This cause coming on to be heard on Claimant's petition for rehearing, reconsideration, grant of summary judgment and entry of award prayed for in complaint, and the Court being fully advised in the premises, it is ordered that Claimant's petition for rehearing, reconsideration, grant of summary judgment and entry of award prayed for in complaint is hereby denied.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Claimant's request for evidentiary hearing, the Court being fully advised in the premises, finds that on June 12, 1991, we denied Claimant's petition for rehearing, reconsideration, grant of summary judgment and entry of award prayed for in complaint. It appears that in transmitting a copy of that order to Claimant, the clerk erroneously sent a form letter indicating further review was available. No further review, or proceedings, are available. Our order of June 12, 1991, effectively terminated all proceedings in the Court of Claims.

Ordered, that the Claimant's request for evidentiary hearing is denied.